IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CITIZENS BANK A/K/A/ CITIZENS BANK AUTOMOBILE FINANCE, | ) ) ) |
| Appellant, | ) ) |
| | ) CIVIL NO. 06-0049-JLF |
| vs. | ) ) |
| RHONDA L. McKENDREE and JUSTIN ALLEN HUETT, | ) ) ) |
| Appellees. | ) |

**MEMORANDUM AND ORDER**

**FOREMAN, District Judge:**

Before the Court is an appeal by Citizens Bank from the judgment of the Bankruptcy Court for the Southern District of Illinois (Doc. 7). Appellees Rhonda L. Huett (nee McKendree) and Justin Allen Huett have filed a brief, (Doc. 10), as have the bankruptcy trustees (Doc. 16). Citizen Bank has filed reply briefs (Docs. 15,17). This appeal is discussed below.

**I.     Discussion.**

On February 8th and 9th of 2005, two unmarried individual debtors, Rhonda McKendree and Jason Huett, jointly bought a new 2004 Nissan Titan for $40,000 that was financed by Gateway Metro Credit Union. Ms. McKendree also bought a new 2005 Nissan Altima for $42,040 that was financed by Citizens Bank.

On April 29, 2005, McKendree and Huett filed bankruptcy under Chapter 7. On August 9, 2005, Citizens filed an adversary complaint seeking to determine that the debt owed by McKendree to Citizens is nondischargeable. McKendree's deadline to respond was

September 8, 2005. McKendree did not file a response to the complaint, and the Bankruptcy Court filed and issued a Notice of Default Entitlement.

On August 9, 2005, McKendree received a Chapter 7 discharge as to all of her creditors except Citizens Bank. At some point prior to September 19, 2005, McKendree and Huett became married. On September 19, 2005, the Bankruptcy Court consolidated McKendree and Huett's individual Chapter 7 cases into one case. Thereafter, the debtors moved to convert their consolidated Chapter 7 case to Chapter 13. On September 21, 2005, the Bankruptcy Court granted this request without a hearing.

On September 29, 2005, Citizens filed a motion for entry of default against McKendree in the Chapter 13 case. On September 30, 2005, default was entered. On September 30, 2005, the debtors filed a Plan under Chapter 13. On October 4, 2004, the Court set a hearing on Citizens' motion for default judgment, and dismissed Citizens' complaint in the Chapter 7 case as moot (because McKendree had converted from Chapter 7 to 13).

On October 31, 2005, the debtors amended their Chapter 13 Plan. On November 21, 2005, (the last day for creditors to object to confirmation of the Plan), the debtors filed a motion to reconvert their Chapter 13 case back to Chapter 7. Later that same day, Citizens filed an objection to confirmation of the amended Plan, and filed a motion to dismiss the Chapter 13 Plan.

On December 12, 2005, the Bankruptcy Court held a proceeding on the debtors' motion to reconvert the Chapter 13 case to Chapter 7, and on Citizens' motion to dismiss the

Chapter 13 Plan. With regard to the motions, Judge Fines stated that:

> I have read everything. I can do a little pretrial and study this. I am not going to.

*(December 12, 2005 Tr. 4).* The minutes of the hearing simply state that:

> ***
>
> The Motion to Convert is Granted and this case is converted to a proceeding under Chapter 7. The Motion to Dismiss is Denied.
>
> ***

*(Bankruptcy Case No. 05-31871, Doc. 103).*

Also on December 12, 2005, the Bankruptcy Court granted Ms. McKendree seven days to file an answer to Citizens' complaint to determine dischargeability, however, this complaint had already been dismissed on October 19, 2005. On December 13, 2005, Mr. Huett received a Chapter 7 Discharge.

Citizens Bank appeals Judge Fines' December 12, 2005 Order. Specifically, Citizens asks this Court to reverse the Order by vacating Judge Fines' reconversion to Chapter 7 and then granting Citizen's motion to dismiss the Chapter 13 Plan. Alternatively, Citizens asks this Court to remand the case to the Bankruptcy Court for findings of facts as to the debtors' good faith and other factors affecting confirmation of the amended Chapter 13 Plan.

## II.   **Standard of Review.**

When a party appeals a Bankruptcy Court order, the district court reviews the

Bankruptcy Court's factual findings under a "clearly erroneous" standard, and reviews questions of law *de novo*. *In re Outboard Maine Corp.*, 386 F.3d 824, 827 (7th Cir. 2004). Conversions from one chapter to another are generally allowed and are denied only in extreme circumstances such as bad faith. *See In re Copper*, 26 F.3d 810, 814-815 (6th Cir. 2005) ("[T]he trend in other jurisdictions, if indeed one is discernable, is to judicially recognize an exception to the right to convert in situations of bad faith" (*citing Kuntz v. Shambam (In re Kuntz)*, 233 B.R. 580, 585 (1st Cir.BAP1999) (debtor's one-time right to conversion may be denied in "extreme circumstances" constituting bad faith); *In re Wampler*, 302 B.R. 601, 605-06 (Bankr.S.D.Ind.2003) (conversion denied due to factors including timing of motion, motive for motion, debtor not being forthcoming with court and creditors, and lack of need for chapter 13); *In re Lesniak*, 208 B.R. 902, 906-07 (Bankr.N.D.Ill.1997) (conversion denied because schedules were "fraught with discrepancies" and because of lack of motivation to pay debts) (*other citations omitted*). Whether a debtor has acted in bad faith is a question of fact that is subject to review for clear error. *In re Golant*, 239 F.3d 931, 936 (7th Cir. 2001).

### III. Discussion.

Citizens Bank argues that Judge Fines erred when he granted the debtors' request to reconvert their case to Chapter 7 and refused to dismiss the Chapter 13 Plan. Specifically, Citizens alleges that Judge Fines refused to conduct a hearing and make a factual determination on whether the debtors had engaged in bad faith.

Citizens alleges that Ms. McKendree engaged in bad faith by first filing Chapter 7

bankruptcy, getting married during the pendency of her Chapter 7, and then using that marriage to become eligible to convert her case to Chapter 13. After she had been defaulted on Citizens' complaint in the Chapter 7 case, but before a hearing on Citizens' motion for default judgment, she then converted to Chapter 13. According to Citizens, when the joint Chapter 13 was going nowhere, the debtors moved in bad faith to reconvert to Chapter 7 to avoid denial of confirmation of and dismissal of their Chapter 13 Plan.

Title 11 U.S.C. § 348(f)(2) provides that "If the debtor converts a case under chapter 13 of this title to a case under another chapter under this title in bad faith, the property in the converted case shall consist of the property of the estate as of the date of conversion." *11 U.S.C. § 348(f)(2)*. The Bankruptcy Code does not define "bad faith," nor has §348(f)(2)'s "bad faith" been interpreted by a Court within this circuit. In the case of *In re Love*, 957 F.2d 1350, 1357 (7th Cir.1992), however, the United States Court of Appeals for the Seventh Circuit discussed the term "good faith" as it is used in 11 U.S.C. § 1325(a)(3) (confirmation of Chapter 13 Plan). *See In re Love*, 957 F.2d at 1357 (the "focus of the good faith inquiry under both Section 1307 and Section 1325 is often whether the filing is fundamentally fair to creditors and, more generally, is the filing fundamentally fair in a manner that complies with the spirit of the Bankruptcy Code's provisions").

*In re Love* states that "good faith" is a fact-based determination that is made by looking at the "totality of the circumstances." *In Re Love* further states that the Bankruptcy Court is the proper court to make such a fact-based determination as follows:

In evaluating good faith necessary for the confirmation of a Chapter 13 plan,

> this court has refused to adopt a specific test or definition of good faith. Instead, this court has held that good faith is a term incapable of precise definition, and, therefore, the good faith inquiry is a fact intensive determination better left to the discretion of the bankruptcy court. As such, we have directed the bankruptcy courts to look at the totality of circumstances and, thereby, make good faith determinations on a case-by-case basis.

*In Re Love,* 957 F.2d at 1355 (*citations omitted*). *In Re Love* also states that in evaluating the totality of the circumstances, the Bankruptcy Court should apply the following factors:

> the nature of the debt, including the question of whether the debt would be nondischargeable in a Chapter 7 proceeding; the timing of the petition; how the debt arose; the debtor's motive in filing the petition; how the debtor's actions affected creditors; the debtor's treatment of creditors both before and after the petition was filed; and whether the debtor has been forthcoming with the bankruptcy court and the creditors.

*Id.* at 1357; *see also In re Smith*, 286 F.3d 461, 466 (7th Cir.2002).

Here, the Bankruptcy Court may have made a factual determination whether the debtors engaged in bad faith, but if so, no such determination appears in the record. Accordingly, this Court cannot review the Bankruptcy Court's determination and must remand to Bankruptcy Court for a statement of its determination. Upon remand, the Bankruptcy Court is to make a determination as to whether the debtors acted in bad faith and state that determination on the record. In addition, to enable this Court to review the determination, (if that becomes necessary), the Bankruptcy Court shall discuss its assessment of the above-listed factors in reaching its determination whether the debtors acted in bad faith. For these reasons, the decision of the Bankruptcy Court is reversed and remanded for proceedings consistent with this opinion.

**IV.     Summary.**

For the reasons stated above, this Court **REVERSES** the December 12, 2005, Bankruptcy Court Order that allows the debtors to reconvert to Chapter 7 and that denies Citizens Bank's motion to dismiss the Chapter 13 Plan.  The case is **REMANDED** to the Bankruptcy Court for further proceedings consistent with this opinion.  A separate Judgment shall accompany this Order.

**IT IS SO ORDERED.
DATED: August 1, 2006.**


                                               **s/ James L. Foreman**
                                                   **DISTRICT JUDGE**